[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11856
Plaintiff Louis J. Sarno appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant board.
The facts found by the board after an evidentiary hearing, and cited in its decision, are not presently in dispute. On October 18, 1993, the police stopped the plaintiff's vehicle and arrested him on a charge of operating a motor vehicle while under the influence of alcohol. At the time, the plaintiff had a loaded handgun under the front seat. The police administered a urine test, which showed that the level of alcohol in the plaintiff's blood exceeded the legal level.
In addition to the evidence summarized above, which is set forth in the board's decision, there is other evidence in the record of the administrative proceeding. The plaintiff testified that he had imbibed some alcoholic punch, although, he claimed, it had been spiked without his knowledge. He testified that he felt "queery" after drinking the punch but nevertheless drove from New York state back to Connecticut. He also acknowledged in his testimony that he had the gun in the car in New York without a New York gun permit.
Based upon the evidence in the record, the board revoked the plaintiff's permit to carry a handgun outside the home or business. The essential basis of the plaintiff's appeal is that the facts found by the board do not justify the revocation.
General Statutes § 29-35 prohibits anyone from carrying a pistol or revolver outside his or her home or business without a permit issued pursuant to § 29-28. That statute sets forth the criteria and procedure for obtaining a permit to carry a handgun. It is a two-step procedure under which the applicant first obtains from the appropriate local official a permit to carry a pistol in his or her town of residence and then obtains a CT Page 11857 state-wide permit from the state police, acting in behalf of the commissioner of public safety. The statute provides, in relevant part, that the local official will grant the permit "provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry . . . other than a lawful use and that such person is a suitableperson to receive such permit." (Emphasis added.) The statute provides no criteria for issuance of the state-wide permit by the state police but provides, merely, that the "commissioner may, upon application, issue to any holder of any [local] permit, a permit to carry a pistol or revolver within the state."
General Statutes § 29-32 establishes the summary procedure by which either the local authority or the commissioner may revoke a permit. "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit" of a felony or specified misdemeanor (not applicable in this case).
General Statutes § 29-32b(b) sets forth the standards for the defendant board to follow in reviewing a revocation of a permit by the local authority or the commissioner. "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds that such . . . revocation . . . would be for justand proper cause, it shall order such permit to be . . . restored. . . ." (Emphasis added.)
As the board indicates in its decision, and argues in its brief to this court, it considers that a determination that an individual is not "a suitable person," in the language of § 29-28, is just and proper cause for revocation of a permit under § 29-32. The court agrees. The question posed by the plaintiff's appeal, therefore, is whether the board's determination that the plaintiff is not a "suitable person" to hold a permit to carry a gun outside the home or business should be reversed.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative CT Page 11858 Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988).
The facts expressly stated by the board as the basis for its determination that the plaintiff is not suitable to hold a permit were that the plaintiff was carrying a loaded handgun outside his home or business, while intoxicated and operating a motor vehicle. The board did not have to state the obvious: the combination of alcohol, guns and motor vehicles can be deadly. The combination strongly suggests at the very least a serious failure of judgment. The plaintiff argues that there was evidence of extenuating circumstances. But the board was entitled to weigh that evidence; this court may not. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital ofSt. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980).
The court concludes that, in light of the evidence, the board's decision was not unreasonable, arbitrary or in abuse of its discretion. Pursuant to General Statutes § 4-183 (j), therefore, the court must affirm the decision.
The appeal is dismissed.
MALONEY, J.